UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 73.189.81.31<br><br>Defendant. | No.  2:25-cv-02560-WBS-CKD<br><br><br>ORDER DENYING MOTION TO QUASH |

On December 9, 2025, defendant John Doe filed a motion to quash a subpoena issued by plaintiff Strike 3 Holdings, LLC, to defendant's internet service provider ("ISP") seeking his[1] subscriber information. Upon review of defendant's motion to quash and plaintiff's response, the court finds this motion can be resolved without oral argument pursuant to Local Rule 230(g). The court denies defendant's motion to quash the subpoena. Plaintiff is ordered to serve a copy of this order on the ISP.

### I.      RELEVANT BACKGROUND

This case is one of many filed by Plaintiff Strike 3 Holdings, LLC, alleging copyright infringement of adult-content movies distributed through its websites. (ECF No. 1 ¶¶ 1-3.) Plaintiff alleges defendant has, over a period of time, used the BitTorrent protocol to download

---

[1]  Defendant's gender is not known. Pronouns refer to the "John Doe" party designation by plaintiff.

1

and distribute 24 of plaintiff's movies to others in violation of plaintiff's copyrights. (ECF No. 1 ¶ 4.) Defendant is known to plaintiff only by his IP address, which is maintained by Comcast Cable. (ECF No. 1 ¶ 5.)

In order to acquire the true name and address of defendant, plaintiff brought an ex parte application to serve a third-party subpoena on defendant's ISP. (ECF No. 6.) The undersigned determined that good cause existed for the application and granted the application on October 22, 2025. (ECF No. 7.) Special procedural safeguards were set to protect defendant's identity and expectation of privacy. Plaintiff was directed to serve a copy of the order on defendant to inform him of the opportunity to file a motion to quash the subpoena. The order directed that "until permission is given by the court, [plaintiff] is not to reveal the identity of the defendant in or out of court." (ECF No. 7 at 6.)

On or about October 22, 2025, plaintiff served the subpoena on the ISP, which has not yet responded. (See ECF No. 13.) On December 9, 2025, defendant moved to quash the subpoena. (ECF No. 10.) Plaintiff filed a response in opposition. (ECF No. 11.) Defendant filed a reply. (ECF No. 12.)

## II.    LEGAL STANDARD

"Under Federal Rule of Civil Procedure 45, any party may serve a subpoena that commands a non-party 'to produce documents, electronically stored information, or tangible things . . . .'" Soto v. Castlerock Farming & Transp., Inc., 282 F.R.D. 492, 504 (E.D. Cal. 2012) (citing Fed. R. Civ. P. 45(a)(1)(C)).

When a party timely files a motion to quash, a district court must "quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Additionally, a district court "may . . . quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not

2

requested by a party." Fed. R. Civ. P. 45(d)(3)(B).

The party issuing the subpoena must demonstrate that the discovery is relevant, while the party seeking to quash the subpoena has the burden of persuasion. Soto, 282 F.R.D. at 502, 504.

### III.   DISCUSSION

Defendant moves to quash the subpoena on the basis that defendant was out of town on the alleged date of infringement, and that there are multiple users who have access to the network. (ECF No. 10 at 2.)

In sum, defendant claims innocence. While this defense may prove to be true, courts in this and other circuits have consistently rejected the argument that a defendant's status as a registered subscriber of an IP address associated with infringing activity is insufficient to support discovery of the subscriber's identity where others could have used the IP address. E.g., Strike 3 Holdings, LLC v. Doe, No. 19cv2425-JAH (LL), 2020 U.S. Dist. LEXIS 84577, at *9 (S.D. Cal. May 3, 2020) ("although an IP address and a subscriber's name alone may be insufficient to state a claim of infringement, …subpoenas may [ ] be used to determine a subscriber's name"); Strike 3 Holdings, LLC v. Doe, No. 4:18-cv-04993-KAW, 2019 U.S. Dist. LEXIS 19497, at *6 (N.D. Cal. Feb. 6 2019); Strike 3 Holdings, LLC v. Doe, No. 2:18-cv-02637 MCE CKD, 2019 U.S. Dist. LEXIS 30674, at ** 9 & 11 (E.D. Cal. Feb. 26, 2019) (citing collected cases).

At this point in the litigation, plaintiff has made an adequate showing of the need to subpoena defendant's ISP to determine whether it can obtain the identity of the proper defendant. To the extent defendant alleges factual innocence, such a consideration is premature and may be raised in a motion to dismiss. To the allay defendant's concerns regarding "privacy harm,"  the court has already ordered that the subscriber's identity will remain protected, both in and out of court, until the court orders otherwise. (See ECF No. 7 at 6.)

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Defendant's motion to quash the subpoena (ECF No. 10) is DENIED.

Dated:  April 6, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD.stri.2560.25

3